# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN HURT, | CASE NO. 1:09-cv-00698-YNP |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| DINNIS SMITH, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Keenan Hurt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute"). Plaintiff mentions in his complaint that he has also been incarcerated at the United States Penitentiary in Atwater, California ("USP-Atwater") as well as the United States Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood"). Plaintiff names Dinnis Smith, H. R. Rios, Jr., Harvey Lappin, Robert McFadden, A. W. Bell, Lothrop, and John Does 1-3 as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim. Plaintiff will be given leave to file an amended complaint curing the deficiencies identified in this order within 30 days.

I.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Background

Plaintiff alleges that the Federal Bureau of Prisons ("FBOP") discriminated against him by treating him differently than other government witness-inmates. Plaintiff alleges that FBOP "has certain prisons designed strictly for the protection of government witnesses, but only allow[s] certain government witnesses to enter/occupy them". (Compl. 2.) Plaintiff alleges that witnesses that serve their sentences in these prisons "do not risk being stabbed or assaulted", "enjoy the usage of [their] allocated monthly minutes for phone, their allocated hours for recreation, their allocated hours for family visits, etc.". (Compl. 2.) In contrast, Plaintiff alleges that "witnesses such as myself" are sent to United States Penitentiaries where they are subjected to physical and verbal abuse. Further, "after we are assaulted we are then placed in SHU (special housing unit) where we are to abide by [the] same rules & regulations as inmates who[] are placed in SHU for disciplinary reasons." (Compl. 2.) Plaintiff complains that he is only give one 15 minute phone call per month, is not allowed to go to the store for regular canteen/food, is allowed only one hour for recreation per day for five days a

week, and does not have access to educational or rehabilitative programs.

Plaintiff also alleges that he continues to be assaulted and placed in life threatening situations by FBOP. Plaintiff's cooperation with federal agencies led to the arrest of numerous "Grape Street Crips". While at USP-Allenwood, Plaintiff was housed with another inmate, W. Fenner, who was a "Grape Street Crip" that Plaintiff informed on. Fenner figured out who Plaintiff was and told other inmates about Plaintiff's activities against the "Grape Street Crips". Plaintiff alleges that he was going to be hit by the Crips but "was informed by one of them who took a liking to me". (Compl. 4.) Plaintiff alleges that he "was able to make a move first by throwing a hot mug of water on [Fenner]". (Compl. 4.) In response, Fenner attacked Plaintiff with a combination lock wrapped in a sock. Both Plaintiff and the other inmate were placed in the SHU.

Plaintiff alleges that Fenner spread the word about Plaintiff's cooperation with federal agencies. Because the other inmates were transferred to other federal institutions, word has spread to all the institutions where Plaintiff has been transferred to. Plaintiff claims that "he could not go to officers" to inform them about how information about his activities was spreading "because after all officers placed me there after I specifically told SIS that I could not go around or be around Grape Street Crips." (Compl. 4.)

**III.    Discussion**

    **A.    Eighth Amendment Claims**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities".

3

Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety".  Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

Plaintiff claims that Defendants violated his rights under the Eighth Amendment because Plaintiff's life was placed in danger after other inmates discovered that he had cooperated with federal agencies by providing information about the "Grape Street Crips".  Plaintiff's complaint suffers from a number of deficiencies.  First, Plaintiff does not describe how the individuals named in this action, Defendants Smith, Rios, Lappin, McFadden, Bell, Lothrop, and John Does 1-3, caused Plaintiff's life to be placed in danger.  Inmate Fenner discovered Plaintiff's activities as a government witness and spread the word to other inmates while Plaintiff was housed at USP-Allenwood.  Defendants appear to be employed at USP-Atwater.  Plaintiff does not provide any allegations regarding what the Defendants in this action did or failed to do that caused Plaintiff's life to be placed in danger.

Second, Plaintiff does not allege that Defendants acted with deliberate indifference.  In order to constitute an Eighth Amendment violation, a defendant must have known and disregarded an excessive risk to inmate health or safety.  In the context of Plaintiff's claim, a defendant must have actually known that Plaintiff would be housed with inmates who knew that Plaintiff was a government witness and that Plaintiff's life would be in danger.  It is not sufficient to allege that a defendant was negligent, or should have known about a threat to Plaintiff.  Plaintiff's own allegations suggest that prison officials did not have actual knowledge of the risk against Plaintiff.  Plaintiff admits that he did not inform prison officials about the threat to his safety because he apparently believed that informing prison officials would be futile because prison officials had already been told before not to house Plaintiff with "Grape Street Crips".

Third, it is not entirely clear that Plaintiff's was in substantial risk of harm while he was

4

housed in the SHU. Plaintiff alleges that he was housed in the SHU after he was involved in a fight with inmate Fenner. Plaintiff provides no explanation as to how he was exposed to a threat of harm from other inmates while housed in the SHU. It is not clear if Plaintiff was housed in the SHU or in general population while he was at USP-Atwater. Because of the foregoing reasons, Plaintiff fails to state a cognizable claim for violation of his rights under the Eighth Amendment.

### B. Equal Protection Claims

Plaintiff alleges that his equal protection rights were violated because he is not housed in the same conditions as other inmates who served as government witnesses. "[T]he Due Process Clause of the Fifth Amendment subjects the federal government to constitutional limitations that are the equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment." Consejo De Desarrollo Economico De Mexicali, A. C. v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007) (citing to Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693 (1954)). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

///

Plaintiff claims that he was discriminated against because other inmates who served as

government witnesses were housed in prison institutions specifically designed for government witnesses where they do not face the threat of assault from other inmates. Plaintiff also points to other differences in incarceration such as the amount of telephone time given, recreation time, access to education and rehabilitation programs, etc. However, Plaintiff fails to allege that he was treated differently from other government witnesses on the basis of any suspect class or membership in any identifiable class. Plaintiff merely concludes that he was discriminated against because other government witnesses are housed in more favorable conditions than him. "[S]howing that different persons are treated differently is not enough, without more, to show a denial of equal protection." Giffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 230 (1964). Plaintiff does not allege that he was intentionally treated differently or why he was treated differently from other government witnesses. As such, Plaintiff fails to state a cognizable equal protection claim.

## IV.  **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the

1   pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint
2   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
3   its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S.
4   May 18, 2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has
5   facial plausibility when the plaintiff pleads factual content that allows the court to draw the
6   reasonable inference that the defendant is liable for the misconduct alleged." Id. at *29 (citing
7   Twombly, 550 U.S. at 556).

8       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
9   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
10  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
11  pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original
12  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
13  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
14  1474. In other words, even the claims that were properly stated in the original complaint must be
15  completely stated again in the amended complaint.

16      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

17      1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

18      2.    The Clerk's Office shall send Plaintiff a complaint form;

19      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
20          amended complaint;

21      4.    Plaintiff may not add any new, unrelated claims to this action via his amended
22          complaint and any attempt to do so will result in an order striking the amended
23          complaint; and

24      5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this
25          action be dismissed, with prejudice, for failure to state a claim

26  IT IS SO ORDERED.

27  **Dated:   August 31, 2009**            /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE
28