# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN HURT, | CASE NO. 1:09-cv-00698-YNP |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | |
| DINNIS SMITH, et al., | |
| Defendants. | |

Plaintiff Keenan Hurt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff is currently incarcerated at the U.S. Penitentiary in Terre Haute, Indiana. The events in Plaintiff's complaint occurred while Plaintiff was incarcerated at the U.S. Penitentiary in Atwater, California ("USP-Atwater"). Plaintiff names Dinnis Smith (superintendent/warden), A. W. Bell (assistant warden), Lothrop (captain), H. A. Rios Jr. (superintendent/warden), Harvey Lappin (director, Federal Bureau of Prisons), Robert McFadden ("western regional director"), and three John Does (the "lieutenant of operations," the "compound officer," and the "C.M.S. supervisor") as defendants.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

    **A.     Procedural Background**

Plaintiff filed the Original Complaint in this action on April 21, 2009. (Doc. #1.) Plaintiff's Original Complaint was screened by the Court on September 1, 2009. (Doc. #10.) The Court found that Plaintiff's Original Complaint failed to state any cognizable claims and the complaint was dismissed. Plaintiff was given leave to file an amended complaint. Plaintiff filed his First Amended Complaint on September 28, 2009. (Doc. #14.) This action proceeds on Plaintiff's First Amended Complaint.

///

**B.    Factual Background**

Plaintiff claims that on September 10, 2008, Plaintiff was attacked by another inmate after a fight broke out. Plaintiff was hit in the face with a wrench by inmate Langly. Langly told Plaintiff that he received information that revealed that Plaintiff was an informant. Plaintiff received large lacerations on his face, fractures in his jaw, and two broken teeth. Plaintiff claims that Langly obtained the wrench from his institutional job as a water plant employee. Plaintiff further alleges that Defendant Lothrop serves as the supervisor over water plant employees.

**III.    Discussion**

**A.    Negligence Claim**

Plaintiff claims that Defendants' negligence allowed inmate Langly to obtain a wrench from his institutional job and use it to attack Plaintiff. Plaintiff's claim must be raised under the Federal Tort Claims Act, not under Bivens. The Federal Tort Claims Act provides that:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). In contrast, Bivens does not provide a remedy for negligence. See O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1989). Further, although Plaintiff names several Bureau of Prisons employees as defendants, the United States is the only proper defendant in an action brought under the Federal Tort Claims Act. Lance v. U.S., 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. U.S., 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Therefore, the Court will construe Plaintiff's action as arising under the Federal Tort Claims Act against the United States.

Construing Plaintiff's claim as one for negligence against the United States under the Federal Tort Claims Act, Plaintiff states a cognizable claim. Plaintiff alleges that the Federal Bureau of Prisons, a federal agency, and its employees owe Plaintiff a duty to house Plaintiff in a safe environment. Plaintiff alleges that the Bureau of Prisons breached that duty when inmate Langly was able to obtain a weapon from his work assignment and use it to attack Plaintiff, causing serious

personal injury. Plaintiff states a cognizable claim against the United States for negligence under the Federal Tort Claims Act.

### B. Equal Protection Claim

Plaintiff claims that prison officials violated his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff alleges that he was discriminated against because other government informants are housed in more favorable conditions than his. Plaintiff's allegations fail to state a claim for violation of his equal protection rights. Plaintiff does not allege that he was a member of an identifiable class or was discriminated against because of his membership in any identifiable class. "[S]howing that different persons are treated differently is not enough, without more, to show a denial of equal protection." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 230 (1964). The Equal Protection Clause does not require that all prisoners be treated exactly the same in equally favorable conditions. Prison conditions will inevitably vary from prison to prison and a prisoner in

one prison cannot raise a equal protection claim solely on the allegation that prisoners in another prison live in more favorable conditions of confinement.  Plaintiff fails to state a claim for violation of the Equal Protection Clause.

Plaintiff was previously informed of the deficiencies in his claim.  (Order Dismissing Complaint, with Leave to File Amended Complaint Within 30 Days 5:6-6:11, September 1, 2009.) Plaintiff has failed to amend his equal protection claim in any meaningful way that addresses the deficiencies identified by the Court.  The Court finds that granting Plaintiff further leave to amend his equal protection claim would be futile.  Therefore, Plaintiff's equal protection claim will be dismissed without leave to amend.

### IV.     Conclusion and Order

Plaintiff's First Amended Complaint claims that prison officials' negligence caused Plaintiff to suffer injury from an attack by another inmate.  Plaintiff also claims that prison officials violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Although Plaintiff states a cognizable claim under the Federal Tort Claims Act for negligence against the United States, Plaintiff does not state any claims under the Equal Protection Clause.  The Court informed Plaintiff of the standards for stating equal protection claims and identified the deficiencies in his equal protection claims in its first screening order.  Plaintiff's amended complaint fails to cure the deficiencies in his equal protection claims and therefore the Court finds that Plaintiff's equal protection claims are not capable of being cured by further leave to amend.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Equal Protection Claims under the Fourteenth Amendment are dismissed; and

2. This action proceeds on Plaintiff's negligence claim under the Federal Tort Claims Act against the United States.

IT IS SO ORDERED.

**Dated:   November 13, 2009**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

5