IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEENAN HURT,

        Plaintiff,                     1: 09 cv 00698 LJO  MJS PC

   vs.                               ORDER TO SHOW CAUSE WHY THIS ACTION
                                      ACTION SHOULD NOT BE DISMISSED  FOR
                                      FAILURE TO PROSECUTE

D. SMITH, et al.,

        Defendants.

      Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in a civil rights action brought pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  This action was referred to this court pursuant to 28 U.S.C. §636(b)(1)(A). Pending before the court is a motion to dismiss filed by Defendant United States of America. Plaintiff has failed to oppose the motion.[1]

      This action proceeds on Plaintiff's September 28, 2009, first amended complaint. Plaintiff is an inmate in the custody of the U.S. Bureau of Prisons at the U.S. Penitentiary in Terra Haute, Indiana.  His claims stem from an assault on Plaintiff by another inmate when

---

//

1

Plaintiff was housed at the U.S. Penitentiary in Atwater.  Plaintiff alleges that Defendants' negligence allowed the inmate access to a weapon used to attack Plaintiff.

On November 13, 2009, this Court dismissed Plaintiff's Equal Protection and Fourteenth Amendment claims brought under Bivens and directed that his action proceed against Defendant United States of America as an action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq..

On March 5, 2010, Defendant United States filed a motion to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Under Local Rule 230(l), opposition to the motion was due no more than 21 days after the date of service of the motion.  Plaintiff has filed no opposition to the motion.  Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion..."

Failure to follow a district court's local rules is a proper grounds for dismissal.  U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).  Thus, a court may dismiss an action for plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition.  See Ghazali v.Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contends he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to F.R.C.P. 5(b), and time to file opposition); cf. Marshall v. Gates, No. 93-5022, slip op. 99, 105-06 (9th Cir. Jan. 4, 1995); Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for summary judgment cannot be granted simply as a sanction for a local rules violation, without an appropriate exercise of discretion).

Plaintiff's failure to oppose defendant's motion to dismiss is deemed a waiver.  It is recommended that the United States' motion to dismiss be granted on that basis.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, **within thirty**

**days of the date of service of this order**, why this action should not be dismissed for plaintiff's failure to oppose the motion to dismiss.  Failure to do so will result in a recommendation of dismissal for failure to prosecute pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   May 27, 2010**        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE