# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN HURT,<br><br>        Plaintiff,<br><br>    v.<br><br>DINNIS SMITH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.  1:09-cv-698-LJO-MJS (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER (ECF NO. 35)<br><br>CLERK IS DIRECTED TO SEND PLAINTIFF A COPY OF DEFENDANTS' MOTION TO DISMISS (ECF No. 25)<br><br>PLAINTIFF'S RESPONSE TO MOTION TO DISMISS IS DUE BY OCTOBER 31, 2010 |

Plaintiff Keenan Hurt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this Bivens action.[1] On June 14, 2010, the Court denied Plaintiff's request to stay these proceedings and ordered Plaintiff to respond to Defendants' Motion to Dismiss by July 15, 2010. Before the Court is Plaintiff's Motion for Reconsideration [ECF No. 35] asking the Court to reconsider its denial of his request to stay the action.

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the

---

[1] The Court notes that it incorrectly referred to Plaintiff as a state prisoner in its prior Order and incorrectly described this case as one filed pursuant to 42 U.S.C. § 1983. Plaintiff is a federal prisoner and the instant action is a Bivens action.

simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. V. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). In considering a stay order, the court should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

Plaintiff originally requested a stay because he had been temporarily transferred to a different facility to testify on behalf of the Government in a pending trial. In denying Plaintiff's request to stay, the Court noted that the trial had since ended and, therefore, a stay was unnecessary. Plaintiff now alleges that although the trial is over, he has not yet been returned to his home penitentiary and still does not have access to his legal papers, including the pending motion to dismiss. Plaintiff asks the Court to stay this action until he is returned to his home facility.

The Court finds that Plaintiff has not met his burden of showing that a stay of this action is necessary. He is currently housed in a federal penitentiary where he presumably has access to a law library. Accordingly, Plaintiff's Motion to Reconsider [ECF No. 35] is DENIED. However, given Plaintiff's asserted inability to bring his legal papers with him to his current facility, the Clerk is directed to send Plaintiff a copy of Defendants' Motion to Dismiss [ECF No. 25]. Additionally, the Court will extend until October 31, 2010, Plaintiff's deadline to file his response to the Motion to Dismiss. This Order does not foreclose Plaintiff requesting additional time to adequately respond to the pending Motion.

IT IS SO ORDERED.

Dated:   July 13, 2010                    /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE