UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN HURT,<br><br>        Plaintiff,<br><br>    v.<br><br>DINNIS SMITH, et al.,<br><br>        Defendants.<br>_____ / | CASE NO.   1:09-cv-698-LJO-MJS (PC)<br><br>ORDER DENYING MOTION TO VACATE, ALTER OR CORRECT COURT'S RULING<br><br>(ECF No. 20) |

Plaintiff Keenan Hurt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action. Plaintiff filed this action on April 21, 2009 pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. In his original Complaint, Plaintiff, who is a government informant, alleged that the Bureau of Prisons was not adequately protecting him and that he was receiving less favorable treatment than other informants. (ECF No. 1.)

On September 1, 2009, the Court issued its screening order and concluded that Plaintiff had failed to state a claim upon which relief could be granted. After acknowledging that Plaintiff's Complaint was a Bivens action filed against federal employees, the Court held that Plaintiff had failed to state an Eighth Amendment violation because he had failed to allege how any of the named Defendants placed his life in danger or were deliberately indifferent to his situation. (ECF No. 10 at 4-5.) The Court also held that Plaintiff had failed to state a equal protection claim because he had not shown that he was a member of a

1  protected class or that he was treated differently than similarly situated individuals. (Id. at
2  5-6.)  In an apparent typographical error, the Court concluded with the statement that
3  Plaintiff's Complaint did "not state any claims upon which relief may be granted under
4  section 1983."[1] (Id. at 6.)  The Court granted Plaintiff leave to amend his Complaint within
5  thirty days and provided Plaintiff with guidance on the steps necessary to amend.  (Id. at
6  6-7.)

7  On September 28, 2009, Plaintiff filed an Amended Complaint.  The Court screened
8  this Amended Complaint and found that Plaintiff had again failed to state a claim for an
9  equal protection violation because he failed to allege how he was treated differently than
10 other informants based on his status in a protected class. (ECF No. 16 at 4-5.)  The Court
11 dismissed Plaintiff's equal protection claim without giving him another chance to amend
12 because he had failed to meaningfully address the issues raised by the Court in its prior
13 screening order.  (Id. at 5.)  However, the Court held that Plaintiff had stated a claim for
14 negligence under the Federal Tort Claims Act based on the government's failure to
15 appropriately safeguard hand tools, specifically a wrench that was used to assault Plaintiff.
16 (Id. at 3-4.)  The Court ordered that the United States be served as the appropriate
17 Defendant for Plaintiff's negligence claim.  (Id. at  5.)

18 Plaintiff now moves the Court to alter or amend its Order dismissing his equal
19 protection claim pursuant to Rule 59(e) or 60(b).

20 Rule 59(e) cannot provide Plaintiff relief here.  It applies only after judgment has
21 been entered.  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be
22 filed not later than 10 days after the entry of the judgment.").  Federal Rule of Civil
23 Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that
24 justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent
25 manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
26 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

---

28  [1] Section 1983 provides a cause of action against state actors for constitutional violations.  A Bivens action is the equivalent against federal actors.

-2-

1  omitted). The moving party "must demonstrate both injury and circumstances beyond his
2  control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j)
3  requires, in relevant part, that a plaintiff asking the Court to reconsider a prior order must
4  show "what new or different facts or circumstances are claimed to exist which did not exist
5  or were not shown upon such prior motion, or what other grounds exist for the motion," and
6  "why the facts or circumstances were not shown at the time of the prior motion."

7       "A motion for reconsideration should not be granted, absent highly unusual
8  circumstances, unless the district court is presented with newly discovered evidence,
9  committed clear error, or if there is an intervening change in the controlling law," and it
10 "may *not* be used to raise arguments or present evidence for the first time when they could
11 reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos
12 Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and
13 citations omitted) (emphasis in original).

14      Plaintiff contends that he was confused by the Court's initial screening order
15 because it stated that he had not set forth a cause of action under section 1983 and he
16 knew that his action was filed pursuant to Bivens rather than section 1983. Plaintiff has
17 failed to show, however, how the Court's typographical error prejudiced him because he
18 reasserted his claims in his Amended Complaint as a Bivens action. In screening his
19 Amended Complaint, the Court found that he had set forth a cognizable claim and ordered
20 the United States to be served.

21      Nothing in the instant Motion alleges that the basis for the Court's dismissal of
22 Plaintiff's equal protection claim—his failure to allege disparate treatment based on his
23 status in a protected class—was incorrect. While prisoners can be members of a protected
24 class by virtue of their race, religion or other recognized protected status, the fact that
25 Plaintiff is a prisoner does not itself qualify him as a member of a protected class. See
26 Pryor v. Brennan, 914 F.2d 921, 923 (7th Cir. 1990) (prisoners "do not constitute a suspect
27 class"); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) ("The status of incarceration is
28 neither an immutable characteristic, nor an invidious basis of classification."). The Court

1  is unaware of, and plaintiff does not cite, legal authority for treating informants as a
2  protected class for constitutional purposes.  In general it appears that Plaintiff simply
3  disagrees with Court's ruling dismissing his equal protection claim.  Such disagreement is
4  not sufficient grounds for relief under Rule 60(b). <u>United States v. Westlands Water Dist.</u>,
5  134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

6      Accordingly, Plaintiff's Motion to Vacate, Alter or Correct the Court's November 13,
7  2009 Motion Dismissing Certain Claims is DENIED.

9  IT IS SO ORDERED.
10 Dated:   August 2, 2010              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE