# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN HURT,<br><br>        Plaintiff,<br><br>   v.<br><br>D. SMITH, et al.,<br><br>        Defendants.<br>_____ / | CASE NO.  1:09-cv-00698-MJS (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 25)<br><br>CLERK SHALL ENTER JUDGMENT |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Keenan Hurt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff consented to Magistrate Judge jurisdiction on August 24, 2010.  (ECF No. 39.)  Pending before the Court is a Motion to Dismiss filed by Defendant United States of America.  (ECF No. 25.)  Plaintiff filed an Opposition to the Motion on December 13, 2010 and Defendant filed a reply two days later.

1

(ECF Nos. 46 & 47.)

This action proceeds on Plaintiff's September 28, 2009 First Amended Complaint. (ECF No. 14.) Plaintiff alleges that Defendant's negligence allowed a fellow inmate at the U.S. Penitentiary in Atwater, California, access to a weapon which was then used in an assault on Plaintiff.

On November 13, 2009, the Court dismissed Plaintiff's Equal Protection and Fourteenth Amendment claims brought under <u>Bivens</u> and directed that this action proceed against Defendant United States of America as an action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA").

## II. **ARGUMENT**

In the instant Motion, Defendant argues that Plaintiff has failed to properly exhaust administrative remedies available to him as required under the FTCA. Defendant contends that Plaintiff filed his complaint with this Court only twenty-seven days after he filed his administrative tort claim with the Federal Bureau of Prisons and before the Bureau had an opportunity to act upon it.

Attachments to the Motion show that Plaintiff filed an administrative tort claim on March 23, 2009. (Def.'s Motion to Dismiss, Ex. A; ECF No. 25-2, p. 4.) The Federal Bureau of Prisons acknowledged the receipt of the claim and notified Plaintiff that it had up to six months to investigate and reply to the claim before litigation could be filed. (Def.'s Motion Ex. B; ECF No. 25-2, p. 29) Nevertheless, on April 21, 2009, less than a month after filing his administrative claim, Plaintiff filed this action with the Court. The Federal Bureau of Prisons subsequently, on October 30, 2009, denied the administrative claim (Def.'s Motion Ex. C; ECF No. 25-2, p. 31.)

In his opposition, Plaintiff seems to argue that because his original Complaint was dismissed and replaced on September 28, 2009 with an Amended Complaint, the Court should rely on the later document. Since it was filed after the six month time frame for administrative review, this Court has jurisdiction.

## III. LEGAL STANDARD

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases."). "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir.), cert. denied, 549 U.S. 905 (2006). The PLRA's "exhaustion requirement is mandatory." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure."). Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first

exhaust all available administrative remedies.  See Booth v. Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper exhaustion.  See Jones, 549 U.S. at 218.  Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  Woodford, 548 U.S. at 90.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison system's requirements define the boundaries of proper exhaustion.") (internal quotation marks and citation omitted). Absent a prison grievance procedure mandating the naming of each individual involved, a prisoner need not identify all of the defendants later named in a lawsuit during the administrative grievance process.  Jones, 549 U.S. at 218.

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  The defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315 F.3d at 1119.  Specifically, the defendant must show that some administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted

4

as a result of that process." Brown, 422 F.3d at 936-37.  In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20.  When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.  However, dismissal of the entire complaint is not required when a prisoner has exhausted some, but not all, of the claims included in the complaint.  See Jones, 549 U.S. at 223-24.

## IV.  ANALYSIS

Plaintiff may believe that the Court's dismissal of his original complaint dismissed the entire action and that his amended complaint constituted a <u>new</u> action.  This is not the case.  Amended complaints are a continuation of the original action.  An amended complaint filed after administrative agency exhaustion cannot cure a defect in subject matter jurisdiction that existed when the case was first filed.  Pizzolato v. U.S. ex rel Army Corps of Engineers, 2009 WL 4758281, *2 (E.D. La. Dec. 1, 2009); see also Sparrow v. U.S. Postal Serv., 825 F. Supp. 252, 255 (E.D. Ca. 1993); Estate of Przysiecki v. Eifert, 2007 WL 3306074, *2-*3 (S.D. Cal. Nov. 2, 2007); Hoffenberg v. Provost, 154 F. Appx. 307, 310 (3rd Cir. 2005); Duplan v. U. S., 188 F.3d 1195, 1199 (10th Cir. 1999).

It is clear from the attachments to the Motion to Dismiss that Plaintiff commenced this action prior to having properly exhausted his administrative remedies.  Plaintiff filed his administrative appeal in March 2009.  He was notified that a review of the administrative appeal could take up to six months.  Instead of waiting the required time, Plaintiff filed this action in April 2009.

To permit Plaintiff's premature filing of an FTCA action to be cured by filing an

amended complaint after Plaintiff exhausted his administrative remedies would be inconsistent with case law and the rationale behind the jurisdictional prerequisite mandated by the FTCA. Plaintiff must commence a new suit in order for the Court to have subject matter jurisdiction over his FTCA claims against the United States. Because Plaintiff did not properly exhaust his administrative remedies this Court does not have jurisdiction. Defendant's Motion to Dismiss for failure to exhaust administrative remedies is granted and the case is dismissed without prejudice.

    Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss is GRANTED;
2. Plaintiff's action is DISMISSED WITHOUT PREJUDICE; and
3. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   January 5, 2011        /s/ *Michael J. Seng*
ci4d6                                      UNITED STATES MAGISTRATE JUDGE